**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THOMAS WINFIELD** | § | |
|     *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | **CASE NO. 4:26-cv-06544** |
| **EVEREST NATIONAL INSURANCE** | § | |
| **COMPANY** | § | |
|     *Defendant.* | § | |

**DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Everest National Insurance Company ("Everest") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446(a) and 1332 and in support would show the following:

**I.**
**INTRODUCTION**

1. This lawsuit is related to a Lawyers Professional Liability Policy stemming from an alleged legal malpractice claim related to the representation of Mr. Winfield by the Morales Law Firm for injuries sustained in auto accident that occurred on or about September 26, 2023, in Harris County, Texas. On June 29, 2026, Plaintiff filed his First Amended Petition, styled Cause No. 2026-41505; *Thomas Winfield vs. Everest National Insurance Company*; in the 157th Judicial District Court of Harris County, Texas.

2. In his First Amended Petition, Plaintiff asserted causes of action based on breach of contract, violations of the Tex. Ins. Code § 541 and attorney's fees against Defendant Everest. Plaintiff further asserts he is seeking monetary relief aggregating $1,000,000.00 or less.

3.    Everest was served and/or received notice of this suit on July 14, 2026.[1]

4.    True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference.[2] A list of all counsel of record is attached hereto and incorporated herein by reference in accordance with Local Rule 81.[3]

## II.
### BASIS FOR REMOVAL

**A.    Removal is procedurally proper under 28 U.S.C. §§ 1441 and 1446**

   **i.    The Southern District of Texas, Houston Division embraces Harris County, Texas, where this case was pending.**

5.    "A defendant . . . desiring to remove any civil action from a State court" must remove the case to district court for the "district and division in which such action is pending[.]"[4] This case was pending in Harris County, Texas. Harris County is part of the Southern District of Texas, Houston Division.[5]

   **ii.    Removal is timely.**

6.    "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[6] Here, Plaintiff filed his Original Petition on June 22, 2026. The Original Petition was not served. The First Amended Petition was filed on June 29, 2026 and served on July 13, 2026. Everest's Notice of Removal was filed within 30 days after their receipt of Plaintiff's First Amended Petition.

---

[1] Exhibit 4, Return of Service.
[2] Exhibit A, State Court File Composite.
[3] Exhibit B, List of All Counsel of Record.
[4] 28 U.S.C. § 1441(a).
[5] 28 U.S.C. § 124(b)(2).
[6] *Id.* § 1446(b)(1).

2

**B.**    **The Court has diversity jurisdiction over Plaintiff's claims**

7.    The Court's diversity jurisdiction extends to "all civil actions . . . between . . . citizens of a State and citizens or subjects of a foreign state" and in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[7] Jurisdiction lies here.

**i.    Plaintiff and Defendant are completely diverse: Plaintiff is a citizen of Tennessee and Everest is incorporated in Delaware with its principal place of business in New Jersey.**

8.    Diversity jurisdiction requires complete diversity — "all persons on one side of the controversy must be citizens of different states than all persons on the other side."[8]

9.    Plaintiff, Thomas Winfield, an individual, is domiciled in the state of Tennessee, residing in Nashville, Tennessee, with the intent to remain, and is a citizen of the state of Tennessee for diversity purposes.[9]

10.    Defendant, Everest is a corporation, organized under the laws of the state of Delaware, with its principal place of business in New Jersey.  Everest is a citizen of the states of Delaware and New Jersey for the purposes of diversity jurisdiction.

**ii.    Plaintiff's claims satisfy the amount-in-controversy requirement.**

11.    The Court's diversity jurisdiction requires that the amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interest and costs.[10]  It need only be "facially apparent" from the petition that a claim "probably exceed[s] $75,000[.]"[11]  The Fifth Circuit has clearly established that the maximum amount of exemplary damages permitted under applicable

---

[7] *Id.* § 1332(a)(1).
[8] *Cadence Bank v. Johnson,* 160 F.4th 197 (5th Cir. 2025).
[9] *See* Plaintiff's Original Petition, Exhibit 1.
[10] *See* 28 U.S.C. § 1332(a)(1).
[11] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

state law are included in determining whether the amount in controversy requirement is met.[12] When a statutory cause of action entitles a party to receive attorney's fees, the amount in controversy also includes those fees.[13]  Here, Plaintiff asserts he is seeking monetary relief less than $1,000,000.00.[14]  Plaintiff makes claims for actual damages of more than $75,000.00, attorney's fees under Tex. Ins. Code § 541 and further damages to which he is entitled under Tex. Ins. Code § 541, including exemplary damages under § 541.152(b), which would be up to $3,000,000.00 or more based on Plaintiff's plead actual damages, pre-judgment interest at the highest legal rate, and post-judgment interest at the highest legal rate.  If Plaintiff prevails on his demand for actual damages, exemplary damages, attorney's fees, pre-judgment interest, and post-judgment interest, it is more likely than not that he will accrue more than $75,000 in damages.

12.    Federal district courts in Texas have consistently held that a plaintiff's refusal to stipulate $75,000 in maximum damages constitutes evidence that the amount in controversy may exceed the jurisdictional minimum.[15]

13.    Accordingly, Everest has produced ample evidence demonstrating that removal is appropriate and has met its burden to establish, by a preponderance of the evidence, that Plaintiff's claims are likely to exceed $75,000 in the event he recovers on all of his causes of action. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

---

[12] *Carter v. Westlex Corp*., 643 F.App'x 371, 376 (5th Cir. 2016).

[13] *Tovar v. Target Corp*., No. CIV.A. SA04CA0557XR, 2004 WL 2283536, at *4 (W.D. Tex. Oct. 7, 2004).

[14] *See* Plaintiff's Original Petition, 1.

[15] *See, e.g., St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998); Calloway v. BASF Corp., 810 F. Supp. 191, 193 (S.D. Tex 1993); *Johnson v. Dillard Dept. Store*, 836 F. Supp. 390, 395 (N.D. Tex. 1993); *Rawlings v. Travelers Property Casualty Ins. Co*., 2008 WL 2115606, *9 (N.D. Tex. 2008) (unpublished); *Fredrichs v. Time Ins. Co*., 2007 WL 1624310, *3 (E.D.  Tex. 2007) (unpublished); *Dowdy v. Allstate Property & Casualty Ins. Co*., 2002 WL 31421929, *1 (N.D. Tex 2002) (unpublished).

14.     This Notice of Removal will be provided to Plaintiff by service of a copy upon his counsel of record, in accordance with 28 U.S.C. §1446(d).  Further, a copy of this Notice of Removal will be filed with the District Clerk of Harris County, in accordance with 28 U.S.C. §1446(d).

## III.
### CONCLUSION

For these reasons, Plaintiff and Defendant are completely diverse, the amount in controversy exceeds $75,000.00 and all procedural prerequisites for removal are met. Therefore, Everest respectfully requests the Court remove this action to this federal court. Everest further requests any other relief, at law or equity, that it may justly show itself entitled to.

Dated: August 11, 2026.

Respectfully submitted,


**WALKER WILCOX MATOUSEK LLP**

By:     *s/ Stephen O. Venable*
Stephen O. Venable (Attorney-in-Charge)
State Bar No. 24056471
Toby Gammill
State Bar No. 24054415
1001 McKinney Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 654-8001
Facsimile: (713) 343-6571
Email: svenable@walkerwilcox.com
Email: tgammill@walkerwilcox.com

**Attorneys for Defendant Everest National Insurance Company**

5

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of this instrument to be served upon the following counsel of record by the method indicated on August 11, 2026.

**Via Email and First-Class Mail**
Cynthia Castanon
Jack J. Nichols
Labor Advocate Law Firm
4900 Fournace, Suite 500-C30
Bellaire, Texas 77401
eservice@laboradvocatelaw.com
**Attorneys for Plaintiffs**